# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 14CR471 WQH |
| Plaintiff, | ORDER |
| vs. | |
| SHANE TRAVIS MASSA, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the opposition of the Defendant to an award of restitution pursuant to 18 U.S.C. §2259 to four individuals. (ECF No. 37).

On April 17, 2014, Defendant entered a plea of guilty to one count of possession of matters containing images of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §2252(a)(4). In the factual basis for the plea, Defendant admitted that the following facts are true and undisputed:

1. That on or about July 31, 2012, while in the Southern District of California, defendant knowingly possessed visual depictions of minors engaged in sexually explicit conduct using a file-sharing program, including a video file titled "(PussyCock-In-W-Tire) Playtoy 8-11Yr.mpg", a video file about 1 minutes and 30 seconds long that depicts a prepubescent minor with her ankles bound being vaginally and anally penetrated by an adult male;

2. The defendant knew the visual depictions contained in the matters showed minors engaged in sexually explicit conduct;

3. The defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and

4. That the visual depictions had been mailed, shipped, or transported using any means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce or produced using material(s)

1
2
3

>that had been mailed, shipped, or transported in interstate or foreign commerce, including by computer.
>
>5. Defendant also possessed on a computer and several external hard drives with other images of minors engaged in sexually explicit conduct.

(ECF No. 24 at 4). Defendant agreed in the Plea Agreement that "if restitution is ordered by the Court under 18 U.S.C. § 2259, the amount of restitution shall include defendant's total offense conduct, and is not limited to count(s) of conviction." *Id.* at 11.

Four individuals have filed claims seeking restitution for losses pursuant to 18 U.S.C. § 2259 from the Defendant. Angela requests restitution between $12,100.00 and $16,520.00. Cindy requests restitution of $8,000.00. Amy/Misty, requests restitution of $27,500.00. Andy/SpongeB requests restitution of $58,000.00. Each individual has filed extensive materials in support of the request for restitution. (ECF No. 36). The addendum to the presentence report details the claims of each individual. (ECF No. 34).

The Government requests that the Court order restitution in the amount of $5,000.00 for each victim. Defendant asserts that the evidence and material fail to provide the Court with sufficient information to determine a loss attributable to his conduct in this case, that the loss amounts are overstated, and that there is no evidence Defendant caused any direct harm to any of the individuals.

## ANALYSIS

18 U.S.C. § 2259(b)(4) provides that restitution is mandatory for all offenses involving sexual exploitation of a child. 18 U.S.C. § 2259(b)(4) ("The issuance of a restitution order under this section is mandatory."). A victim is defined to include "the individual harmed as a result of a commission of the crime under this chapter, ..." 18 U.S.C. § 2259(c). Restitution is required for the "full amount of the victim's losses." 18 U.S.C. § 2259(b)(1). Section 2259(b)(3) provides:

>For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for--
>(A) medical services relating to physical, psychiatric, or psychological care;

  (B) physical and occupational therapy or rehabilitation;
  (C) necessary transportation, temporary housing, and child care expenses;
  (D) lost income;
  (E) attorneys' fees, as well as other costs incurred; and
  (F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(3)

In *Paroline v. United States*, ⸺ U.S. ⸺, 134 S.Ct. 1710 (2014), the United States Supreme Court addressed "how to determine the amount of restitution a possessor of child pornography must pay to the victim whose childhood abuse appears in the pornographic materials possessed." *Id.* at 1716. In *Paroline,* the defendant "admitted to possessing between 150 and 300 images of child pornography, which included two that depicted the sexual exploitation of a young girl ... who goes by the pseudonym 'Amy'...." *Id.* The Supreme Court explained that "when she was eight or nine she was sexually abused by her uncle in order to produce child pornography." *Id.* at 1717. The Supreme Court recognized that "these crimes were compounded by the distribution of images of her abuser's horrific acts, which meant the wrongs inflicted upon her were in effect repeated...." *Id.* The Supreme Court noted that her uncle was prosecuted, required to pay $6,000 in restitution, and sentenced to a lengthy sentence. The Supreme Court explained that "her functioning appeared to decline in her teenage years" when she learned that "the digital images were available nationwide .... [and] [t]hough the exact scale of the trade in her images [was] unknown, the possessors to date easily number[ed] in the thousands." *Id.* at 1717. "The victim sought restitution under § 2259, asking for close to $3.4 million, consisting of nearly $3 million in lost income and about $500,000 in future treatment and counseling costs.... She also sought attorney's fees and costs." *Id.* at 1718.

The Supreme Court stated:

> The statute defines a victim as "the individual harmed as a result of a commission of a crime under this chapter." § 2259(c). The words "as a result of" plainly suggest causation. And a straightforward reading of § 2259(c) indicates that the term "a crime" refers to the offense of conviction. So if the defendant's offense conduct did not cause harm to an individual, that individual is by definition not a "victim" entitled to restitution under § 2259.

- 3 -

14cr471WQH

*Id.* at 1720 (citations omitted*).* The Supreme Court determined that "[t]he cause of the victim's general losses is the trade in her images.... and Paroline is part of that cause, for he is one of those who viewed her images." *Id.* The Supreme Court explained:

> While it is not possible to identify a discrete, readily definable incremental loss [the Defendant] caused, it is indisputable that he was a part of the overall phenomenon that caused [the victim's] general losses.
> ....
> It is common ground that the victim suffers continuing and grievous harm as a result of her knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse she endured.... The unlawful conduct of everyone who reproduces, distributes, or possesses the images of the victim's abuse -including Paroline- plays a part in sustaining and aggravating this tragedy.

*Id.*

In this case, Defendant knowingly possessed visual depictions of minors engaged in sexually explicit conduct. Each of the individuals seeking restitution were identified in the material possessed by Defendant. All four individuals have submitted documentation of the harm suffered as a result of a new individual possessing material depicting their childhood abuse. The Court finds that Defendant's offense conduct has caused harm to the four individuals seeking restitution in this case, qualifying each individual is a "victim" entitled to restitution under section 2259. The cause of the general losses claimed by the victims in this case is the trade of their images. Defendant possessed material depicting each of the four victims using a file-sharing program causing harm to each victim. The materials in the record establish a causal connection between Defendant's knowing possession of visual depictions of minors engaged in sexually explicit conduct and the losses suffered by each victim as a result of the offense. The evidence of compensable loss submitted by each victim is compelling and reasonable based upon the materials submitted. *See United States v. Doe*, 488 F.3d 1154, 1159-1160 (9th Cir. 2007) ("In every circuit to consider the causation requirement of Section 2259, a rule of reasonableness is applied. We will uphold an award of restitution under Section 2259 if the district court is able to estimate, based upon facts in the record, the amount of victim's loss with some reasonable certainty.").

In *Paroline*, the Supreme Court rejected the contention "that the victim's entire

losses from the ongoing trade in her images were 'suffered ... as a proximate result' of Paroline's offense for purpose of § 2259." *Paroline*, 134 S. Ct. at 1726. The Supreme Court stated:

> Where it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses. The amount would not be severe in a case like this, given the nature of the causal connection between the conduct of a possessor like Paroline and the entirety of the victim's general losses from the trade in her images, which are the product of the acts of thousands of offenders. It would not, however, be a token or nominal amount. The required restitution would be a reasonable and circumscribed award imposed in recognition of the indisputable role of the offender in the causal process underlying the victim's losses and suited to the relative size of that causal role. This would serve the twin goals of helping the victim achieve eventual restitution for all her child-pornography losses and impressing upon offenders the fact that child-pornography crimes, even simple possession, affect real victims.

*Id*. at 1727. The Supreme Court stated:

> There are a variety of factors district courts might consider in determining a proper amount of restitution, and it is neither necessary nor appropriate to prescribe a precise algorithm for determining the proper restitution amount at this point in the law's development. Doing so would unduly constrain the decisionmakers closest to the facts of any given case. But district courts might, as a starting point, determine the amount of the victim's losses caused by the continuing traffic in the victim's images (excluding, of course, any remote losses like the hypothetical car accident described above, see supra, at 1721), then set an award of restitution in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses. These could include the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

*Id.* at 1728.

In this case, Defendant admitted that he knowingly possessed visual depictions of minors engaged in sexually explicit conduct using a file-sharing program, including a specific video and that he possessed on a computer and several external hard drives

with other images of minors engaged in sexually explicit conduct. Defendant possessed images of each of the four victims and each victim has significant and outstanding losses caused by the continuing traffic in their images. Each victim is entitled to restitution under 18 U.S.C. § 2259. In order to determine a reasonable amount of restitution reflecting the harm attributable to Defendant, the Court considers each of the four victims individually.

## RULING OF THE COURT

### Angela

The victim identified as Angela submits materials documenting economic losses totaling more than $300,000.00 and requests restitution in the range of $12,100.00 - $16,520.00 for losses and attorney fees attributable to this particular defendant. "Restitution is requested to help pay for treatment, education, and medication." (ECF No. 34 at ¶41). The Addendum to the Presentence Report states in part: "[Angela] is overwhelmed by the magnitude of victim notification letters that never cease ... [and] has a feeling of helplessness given the fact the distribution of the images persists." *Id.*

Defendant was found to possess 18,070 images with identifiable victims; 85 of those images were of Angela. (ECF No. 35 at 5). Defendant was not involved in the initial production of the material. Defendant had a file sharing program on his computer which would have contributed to the distribution of the images. As of April 1, 2014, a total of 482 defendants have been found to possess one or more images of Angela. The record further shows that seventeen defendants in other cases have been ordered to pay restitution amounts ranging from $850.00 to $5,000.00 for a total amount ordered of $25,500.00. (ECF No. 52).

The Court will award restitution to Angela in the amount of $8,000.00. The Court finds that the losses totaling more than $300,000.00 submitted by this victim are reasonable, that this Defendant possessed a significant number of this victim's images, and that this victim has outstanding losses caused by this Defendant's traffic in her images. This amount represents a reasonable and circumscribed award imposed in

1  recognition of the indisputable role of this offender in the causal process underlying the
2  victim's losses and taking into consideration the relative size of that causal role.

3  **Cindy**

4  The victim identified as Cindy submits materials documenting economic losses
5  totaling $1,344,963.70 and requests restitution in the amount of $8,000.00 for losses
6  and attorney fees attributable to this particular defendant.  Restitution is requested to
7  help pay for medical and prescription bills, mental health assistance, counseling costs,
8  and attorney expenses.   The Addendum to the Presentence Report states, Cindy feels
9  that "she is unable to enjoy her life [because] she [is] 'forced to deal with the aftermath
10 of sexual abuse and the never-ending effects of having pornographic pictures' of her on
11 the internet."  (ECF No. 34 at ¶40).  "[Cindy] was overwhelmed by the number of
12 victim notifications she received" (ECF No. 34 at ¶40), and "[e]ach notification added
13 to [her] trauma and exacerbated her emotions issues."  (ECF No. 35-1 at 3).  Cindy
14 decided to opt out of the victim notification system.  The materials submitted on behalf
15 of Cindy explain that Cindy struggles to maintain employment and has a vastly lowered
16 earning potential.

17 Defendant was found to possess 18,070 images with identifiable victims; 91 of
18 those images were of Cindy.  (ECF No. 35 at 5).  Defendant was not involved in the
19 initial production of the material. Defendant had a file sharing program on his computer
20 which would have contributed to the distribution of the images.   As of April 1, 2014,
21 a total of 1264 defendants have been found to possess one or more images of Cindy.
22 (ECF No. 35 at 5).  The record further shows that 123 defendants have been ordered to
23 pay restitution to this victim in amounts ranging from $250.00 to $103,982.00 in a total
24 amount of $624,381.97.  (ECF No. 52).

25 The Court will award restitution to Cindy in the requested amount of $8,000.00.
26 The Court finds that the economic losses totaling more than $1.3 million dollars
27 submitted by this victim are reasonable, that this Defendant possessed a significant
28 number of this victim's images, and that this victim has outstanding losses caused by

this Defendant's traffic in her images. This amount represents a reasonable and circumscribed award imposed in recognition of the indisputable role of this offender in the causal process underlying the victim's losses and taking into consideration the relative size of that causal role.

**Amy/Misty**

The victim identified as Misty submits materials documenting economic losses totaling $8,886,300.00 and requests restitution in the amount of $27,500.00 for losses and attorney fees attributable to this particular defendant. The materials submitted on behalf of the victim request restitution to help pay for medical services related to physical, psychiatric, and psychological care, physical and occupational therapy or rehabilitation, necessary transportation, temporary housing and childcare expenses, lost income, and attorney fees. The Addendum to the Presentence Report states that "[Misty] continues to feel exploited every time she learns someone is viewing images of her on the internet." (ECF 34 at ¶36).

Defendant was found to possess 18,070 images with identifiable victims; 73 of those images were of Misty. Defendant was not involved in the initial production of the material. Defendant had a file sharing program on his computer which would have contributed to the distribution of the images. As of April 1, 2014, a total of 2,239 defendants have been found to possess one or more images of Misty. The record further shows that 192 defendants in other cases have been ordered to pay restitution amounts ranging from $50.00 to $3,543,471.00 for a total amount ordered in the amount of $13,025,165.72. (ECF No. 52).

The Court will award restitution to Amy/Misty in the amount of $8,000.00. The Court finds that the economic losses totaling more than $8.8 million dollars submitted by this victim are not unreasonable, that this Defendant possessed a significant number of this victim's images, and that this victim has outstanding losses caused by this Defendant's traffic in her images. This amount represents a reasonable and circumscribed award imposed in recognition of the indisputable role of this offender in

the causal process underlying the victim's losses and taking into consideration the relative size of that causal role.

### **Andy / SpongeB**

The victim identified as Andy submits materials documenting economic losses totaling $2,121,963.00 and requests restitution in the amount of $58,415 for losses and attorney fees attributable to this particular defendant.  The materials submitted on behalf of the victim request restitution to help pay for psychological counseling costs, income loss, and expenses incurred to submit the restitution request. The materials submitted on behalf of Andy state that he has received over 600 victim notification letters and experiences a daily sense of worry about others viewing images on him on the internet.

Defendant was found to possess 18,070 images with identifiable victims; 2 of those images were of Andy.  Defendant was not involved in the initial production of the material.  Defendant had a file sharing program on his computer which would have contributed to the distribution of the images.  As of April 1, 2014, a total of 644 defendants have been found to possess one or more images of Andy. The record further shows that 4 defendants in other cases have been ordered to pay restitution amounts ranging from $1,000.00 to $1,200 for a total amount ordered in the amount of $4,200. (ECF No. 52).

The Court will award restitution to Andy in the amount of $1,000.00.  The Court finds that the economic losses totaling more than $2 million dollars submitted by this victim are reasonable, that this Defendant possessed a small number of this victim's images, and that this victim has outstanding losses caused by this Defendant's traffic in her images.  This amount represents a reasonable and circumscribed award imposed in recognition of the indisputable role of this offender in the causal process underlying the victim's losses and taking into consideration the relative size of that causal role.

IT IS HEREBY ORDERED that at the time of sentencing, the Court will order restitution in the following amount: $8,000 to Angela; $8,000 to Cindy; $8,000 to

Amy/Misty; and $1,000 to Andy/SpongeB. The Government shall provide the necessary addresses to complete the judgment prior to the time of sentencing.

DATED: December 9, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge